IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEGGY S. FISCHER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:15-CV-0881-D |
| VS. | § | |
| | § | |
| PATRICK DONAHOE, POSTMASTER GENERAL, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Peggy S. Fischer ("Fischer") sues her employer, Patrick R. Donahoe ("Donahoe"), Postmaster General, United States Postal Service ("USPS"), alleging that USPS[1] is liable under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, for harassment on the basis of sex and race, and for retaliation. USPS moves under Fed. R. Civ. P. 12(b)(6) to dismiss Fischer's harassment claims for failure to state a claim, and to dismiss Fischer's retaliation claim for failure to exhaust administrative

[1]The court assumes that Fischer intended to assert her claims against Donahoe in his official capacity as Postmaster General. It is clearly established that a suit against a government official in his official capacity is "only another way of pleading an action against an entity of which [the official] is an agent." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is . . . treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Accordingly, the court will treat Fischer's suit as having been brought against USPS.

remedies. USPS also moves to dismiss Fischer's action for improper service of process.[2] For the following reasons, the court grants USPS's motion as to Fischer's harassment claims, denies USPS's motion as to Fischer's retaliation claim, and denies USPS's motion to dismiss for improper service on the United States, but with the requirement that Fischer properly effect service no later than May 16, 2016.

I

Fischer, a Caucasian female, brings this *pro se* action against USPS, alleging that she was subjected to harassment on the basis of her sex and race when USPS managers used a tape-recorded conversation between Fischer and a customer as a training tool to explain to other USPS employees that the practice of manually recording a delivered code for a package was improper, and to discuss "how *not* to deal with a customer." D. Br. 3. Fischer contends that the recorded conversation was used without her knowledge and was disseminated to hundreds of people by McKinney Boyd ("Boyd") and Earl Artis ("Artis"), both of whom are African American. She also contends that district Manager Tim Veirling ("Veirling") refused to recall the recording and prevent it from being played again, despite Fischer's request in a personal meeting that he do so.

When Fischer discovered that USPS was using the tape-recorded conversation, she filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging

---

[2]USPS moves to dismiss Fischer's complaint "for improper service on the United States under Rule 4(i)(1)(B)," D. Br. 1, and "renews its motion to dismiss Fischer's complaint under Rule 4(m) for failure to effect proper service on the United States," *id.* at 1 n.1.

that USPS had discriminated against her and subjected her to a hostile work environment on the basis of her race (Caucasian), sex (female), and color (white) by disseminating the tape without her knowledge or permission to other USPS offices. She alleges that Victor Benavides ("Benavides"), the Dallas District Manager, had allowed her to be reassigned without loss of pay or grade level, but when he found out that she had an EEOC complaint pending, he reneged, causing her to lose $13,000 per year in salary.

The EEOC affirmed the dismissal of Fischer's EEOC complaint and issued her a notice of right to sue. Fischer then filed this lawsuit, which USPS moved to dismiss. Fischer failed to respond to USPS's motion to dismiss, and the court granted USPS's motion but permitted Fischer to replead. Fischer has filed an amended complaint,[3] which USPS now moves to dismiss primarily on the grounds that Fischer has failed to exhaust her administrative remedies with respect to her retaliation claim, and that she has failed to state a claim for discriminatory harassment. As before, Fischer has failed to respond to the motion.

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of plaintiff['s] amended complaint by 'accepting all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Bramlett v. Med. Protective Co. of Fort Wayne*,

[3]Fischer initially filed a pleading entitled, "Plaintiff['s] Pleading in Response to Order of Dismissal." In response, the court issued an order stating, *inter alia*, that Fischer's "response" did not comply with Rule 8(a) and (d), and directing that she file an amended complaint, as required by the court's order.

*Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)) (internal quotation marks and brackets omitted). To survive defendant's motion, Fischer must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678 (citation omitted). "Although pro se pleadings are to be liberally construed, they must state a 'plausible claim for relief to survive[] a motion to dismiss.'" *Scott v. Cohen*, 528 Fed. Appx. 150, 152 (3d Cir. 2013) (per curiam) (alteration in original) (citation omitted) (quoting *Iqbal*, 556 U.S. at 679) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

III

The court begins with USPS's argument that Fischer's retaliation claim must be dismissed for failure to exhaust administrative remedies.

"It is well settled that courts may not entertain claims brought under Title VII as to which an aggrieved party has not first exhausted [her] administrative remedies by filing a charge of discrimination with the EEOC." *Kretchmer v. Eveden, Inc.*, 2009 WL 854719, at *3 (N.D. Tex. Mar. 31, 2009) (Fitzwater, C.J.) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002); *Bernard v. ATC VanCom*, 2005 WL 139110, at *2 (N.D. Tex. Jan. 20, 2005) (Fitzwater, J.)), *aff'd*, 374 Fed. Appx. 493 (5th Cir. 2010). In *Gupta v. East Texas State University*, 654 F.2d 411 (5th Cir. Unit A Aug. 1981), however, the Fifth Circuit held that "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to hear such a claim when it grows out of an administrative charge that is properly before the court." *Id.* at 414. In other words, retaliation that occurs as a result of filing an EEOC charge can be included in a Title VII case in district court without filing a new charge. *See id.*

In her amended complaint, Fischer appears to allege that Benavides retaliated against her for filing her EEOC charge by reneging on his offer to reassign her without a loss of pay or grade level. Because *Gupta* is still the law in this circuit,[4] the court is bound under *Gupta*

[4]"Until the Supreme Court or Fifth Circuit reassess the holding of *Gupta*, this court is bound to follow it." *Stevenson v. Verizon Wireless (VAW) LLC*, 2009 WL 129466, at *5

to deny USPS's motion to dismiss Fischer's retaliation claim—which grows out of Fischer's earlier-filed EEOC charge—on the basis that Fischer failed to exhaust her administrative remedies with respect to this claim. Accordingly, USPS's motion to dismiss Fischer's retaliation claim is denied.

IV

The court next considers USPS's motion to dismiss Fischer's hostile work environment claims.[5]

A

"A hostile work environment exists 'when the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 328 (5th Cir. 2009) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002)). Generally, to

---

(N.D. Tex. Jan. 16, 2009) (Fish, J.). Although the Fifth Circuit has recognized the possibility that "*Gupta* may no longer be applicable after the Supreme Court's decision in [*National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101 (2002)]," the Fifth Circuit has not yet reconsidered *Gupta* in light of that case. *See Simmons-Myers v. Caesars Entm't Corp.*, 515 Fed. Appx. 269, 273 n.1 (5th Cir. 2013) (per curiam). Accordingly, "for now it remains the law of the Circuit that a claim alleging retaliation for the filing of an earlier EEOC charge need not be separately exhausted." *Taylor v. Tex. S. Univ.*, 2013 WL 5410073, at *5 n.4 (S.D. Tex. Sept. 25, 2013).

[5]Although Fischer describes her claims as for discriminatory harassment due to her race and due to her gender/sex, the court assumes that she intended to bring these claims as hostile work environment claims, which are actionable under Title VII. *See, e.g.*, *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) ("A plaintiff may establish a Title VII violation based on race discrimination creating a hostile work environment.").

establish a prima facie case of a hostile work environment based on race, a plaintiff must show the following:

> (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; [and] (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.

*Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (citations omitted). "Harassment is based on race if 'the complained-of conduct had a racial character or purpose.'" *King v. Enter. Leasing Co. of DFW*, 2007 WL 2005541, at *10 (N.D. Tex. July 11, 2007) (Fitzwater, J.) (quoting *Harris-Childs v. Medco Health Solutions, Inc.*, 2005 WL 562720, at *6 (N.D. Tex. Mar. 10, 2005) (Means, J.)). A plaintiff must demonstrate a "connection between the allegedly harassing incidents and [her] protected status." *Id*. (alteration in original) (citation omitted). "For harassment on the basis of race to affect a term, condition, or privilege of employment . . . it must be '"sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."'" *Ramsey*, 286 F.3d at 268 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

Similarly, to prove a hostile work environment claim based on sex, Fischer must establish the following:

> (1) [she] belongs to a protected group; (2) [she] was subject to unwelcome sexual harassment; (3) [t]he harassment complained of was based upon sex; (4) [t]he harassment complained of affected a "term, condition or privilege of employment," i.e., the sexual harassment must be sufficiently severe or pervasive so as to alter the conditions of employment and create an abusive

> working environment; and (5) Responde[a]t superior, i.e., that the employer knew or should have known of the harassment in question and failed to take prompt remedial action.

*Watts v. Kroger Co.*, 170 F.3d 505, 509 (5th Cir. 1999) (on rehearing) (quoting *Jones v. Flagship Int'l*, 793 F.2d 714, 719-20 (5th Cir. 1986)). "Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at '*discrimination* because of sex.'" *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) (brackets and ellipses omitted). "The 'critical issue' in determining whether workplace activities constitute harassment based on sex is 'whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed.'" *Reine v. Honeywell Int'l Inc.*, 362 Fed. Appx. 395, 397 (5th Cir. 2010) (per curiam) (quoting *Oncale*, 523 U.S. at 80). "Title VII is not a shield against harsh treatment at the workplace; it protects only in instances of harshness disparately distributed." *Id.* (quoting *Jackson v. City of Killeen*, 654 F.2d 1181, 1186 (5th Cir. 1981)).

B

USPS moves to dismiss Fischer's harassment claims for the following reasons: Fischer alleges that Boyd resented working for a female, but does not provide any facts suggesting that this resentment caused Boyd to disseminate the tape; Fischer has failed to plausibly allege facts that would suggest that Boyd or Artis disseminated the tape to harass Fischer or that they disseminated the tape because of Fischer's race or gender; and Fischer failed to exhaust her administrative remedies with respect to her allegation that Veirling refused to recall the recording, and, in any event, Fischer has failed to plausibly allege that

Veirling intended to harass Fischer when he decided to not recall the tape and has failed to allege any facts that permit the inference that Veirling refused to recall the tape with any discriminatory intent toward Fischer or because of Fischer's race or gender.

The court agrees that Fischer has failed to plausibly allege that Boyd or Artis disseminated the tape because of Fischer's race or gender, or that Veirling refused to recall the recording because of Fischer's race or gender. *See Iqbal*, 556 U.S. at 678. Fischer alleges in conclusory terms that she "was the victim of discriminatory harassment due to [her] race ([C]aucasian) in that Mckinney Boyd is an African-American," that Artis "is also African-American," and that she "was the victim of discriminatory harassment due to [her] gender/sex (female), as Mckinney Boyd, Earl Artis, [and] District Managers Tim Veirling and Victor Benavides are all male[.]" Am. Compl. 2. But allegations that the individuals who disseminated the tape were African-American and that the manager who refused to recall the recording was male are insufficient, without more, to plausibly allege that Fischer was subjected to harassment *based on* her race or sex. Accordingly, the court grants USPS's motion to dismiss Fischer's harassment claims.

V

The court next considers USPS's motion to dismiss Fischer's complaint for improper service. In support of its motion, USPS argues:

> Fischer has not properly served Defendant, including service on the Attorney General of the United States, as required by Rule 4(i)(1)(B). To the extent the Court does not dismiss Fischer's claim under Rule 12(b)(6), Defendant moves the Court to dismiss Fischer's complaint under Rule 4(m) for failure to effect

> proper service on the United States. Fischer filed her complaint on March 19, 2015 and her 120-day window to serve the Attorney General expired on July 17, 2015. *See* Fed. R. Civ. P. 4(m). However, Defendant notes that the Court has discretion to allow Plaintiff to cure the deficiency. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Thus, Defendant requests, in the alternative, that if the Court does not dismiss her claim, that the Court extend the time to effect service and order Fischer to serve the Attorney General within a reasonable time.

D. 10/2/15 Br. 1-2 n.2.

It appears from the record that Fischer has attempted to serve the United States by delivering a copy of the summons and a copy of her complaint to the office of the U.S. Attorney in Dallas, Texas.[6] Under Rule 4(i)(1)(B), to properly serve the United States, a party must "send a copy of [the summons and of the complaint] by registered or certified mail to the Attorney General of the United States at Washington, D.C." Rule 4(i)(1)(B). Rule 4(m) requires the dismissal of an action in which the defendant is not timely served, but permits the court to extend the time for service for an appropriate period "if the plaintiff shows good cause for the failure." Rule 4(m). Because Fischer is proceeding *pro se*, it appears from the record that she has attempted to properly serve the United States, and USPS has requested in the alternative that Fischer be given an extension of time to effect service, the court concludes that the "good cause" standard of Rule 4(m) has been satisfied in this case, and orders Fischer to properly serve the United States, as required by Rule 4(i)(1)(B) no later than May 16, 2016. If Fischer fails to comply with this order by that date, and USPS

---

[6]She has also served Donahoe. USPS does not contend that service on Donahoe was improper.

advises the court of this failure, the court will dismiss the remainder of this action without prejudice, by authority of Rule 4(m).

* * *

For the foregoing reasons, the court grants USPS's motion to dismiss Fischer's hostile work environment claims, denies USPS's motion to dismiss Fischer's retaliation claim, and orders that Fischer properly serve the United States, as required by Rule 4(i)(1)(B), no later than May 16, 2016.

**SO ORDERED**.

March 15, 2016.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE